Honorable John C. Coughenour

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NORTHWESTERN UNIVERSITY, an Illinois
not-for-profit corporation,

Plaintiff,

v.

KING COUNTY,

Defendant.

No. 2:20-cv-01043-JCC-JRC

DEFENDANT KING COUNTY'S
MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

**NOTE ON MOTION
CALENDAR:
SEPTEMBER 11, 2020.**

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................... 2

III. ARGUMENT .................................................................................................. 4

    A.  Legal Standards ...................................................................................... 4

        1.  Rule 12(b)(6) Standard ................................................................. 4

        2.  Standards Governing Claims for False Designation of Origin Under the Lanham Act and Common Law Trademark Infringement/Unfair Competition ................................................................................... 5

        3.  Standards Governing Claims Under Washington's CPA ...................... 7

    B.  NU's Claims for False Designation of Origin Under the Lanham Act, for Unfair and Deceptive Practices under the Washington CPA, and for Common Law Trademark Infringement and Unfair Competition Warrant Dismissal with Prejudice ........................................................................ 8

        1.  King County's Alleged Use of the Marks Is Not "in Commerce" ......... 9

        2.  King County Is Not Subject to Suit Under the Washington CPA ........ 10

    C.  NU's Lanham Act and Common Law Trademark Infringement Claims Are Untimely .......................................................................................... 10

IV.  CONCLUSION ............................................................................................... 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................4, 8

*Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991).................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).........................................4, 8, 9

*City of Seattle v. Monsanto Co.*, 237 F.Supp.3d 1096 (W.D. Wash. 2017) ...............6

Corker v. Costco Wholesale Corp., No. C19-0290RSL,

    2019 WL 5895430 (W.D. Wash. Nov. 12, 2019)...................................................5

*eAcceleration Corp. v. Trend Micro., Inc.*, 408 F.Supp.2d 1110 (W.D. Wash. 2006)..............6

*Eat Right Foods, Ltd. v. Whole Foods Mkt., Inc.*, No. C13-2174 RSM,

    2018 WL 2387638 (W.D. Wash. May 25, 2018) ...................................................5

*Fortgang v. Woodland Park Zoo*, 387 P.3d 690 (Wash. 2017)...............................6, 9

*Freecycle Network, Inc. v. Oey*, 505 F.3d 898 (9th Cir. 2007) .............................5, 9

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (1986) ..............7

*Headspace Int'l LLC v. Podworks Corp.*, 428 P.3d 1260 (Wash. Ct. App. 2018)....................6

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002).....................7, 12

*Jonathan Neil & Assocs., Inc. v. JNA Seattle, Inc.*, No. C06–1455JLR,

    2007 WL 788354 (W.D. Wash. Mar.14, 2007)....................................................7

*King Cty. v. Tax Comm'n*, 387 P. 2d 756 (Wash. 1963) .......................................10

*Lambert v. Heurtas*, No. 19-5980 RJB-JRC, 2020 WL 3618980 (W.D. Wash. July 2, 2020) ..8

*Lambert v. Huertas*, No. 319CV05980RJBJRC,

    2020 WL 3618973 (W.D. Wash. May 28, 2020) ...................................................8

*Lincoln Cty. v. Brock*, 79 P. 477 (Wash. 1905) ......................................................10

*Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002) ............................6

*McClellon v. Citigroup Glob. Mkts., Inc.*, No. C18-0978-JCC,

    2018 WL 5808440 (W.D. Wash. Nov. 6, 2018)....................................................4

*N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1 (1937) ................................5

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - iii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Oldcaste Precast, Inc. v. Granite Precasting & Concrete, Inc*., No. CIV. C10-322 MJP,

    2011 WL 813759 (W.D. Wash. Mar. 2, 2011) ................................................................. 7, 12

*Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co*.,

    No. 2:18-CV-01032-TSZ, 2019 WL 1572675 (W.D. Wash. Apr. 11, 2019) ......................... 6

*Russell v. City of Tacoma*, 35 P. 605 (1894) .......................................................................... 6

*Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181 (W.D. Wash. 2010) ..................... 6

*State ex rel. Eastvold v. Yelle*, 279 P.2d 645 (Wash. 1955) .................................................... 10

*State ex rel. Summerfield v. Tyler*, 45 P. 31 (Wash. 1896) ...................................................... 10

*Trader Joe's Co. v. Hallatt*, 835 F. 3d 960 (9th Cir. 2016) .................................................. 5, 9

*U.S. v. Lopez*, 514 U.S. 549 (1995) ...................................................................................... 5, 9

*Univ. of Washington v. Gov't Employees Ins. Co*., 404 P.3d 559 (2017) ................................. 7

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010) .......... 4

*Washington Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish Cty.*,

    459 P.2d 633 (Wash. 1969) ................................................................................................ 7

*Witham v. Clallam Cty. Pub. Hosp. Dist. 2*, No. C09-5410RJB, 2009 WL 3346041 (W.D. Wash.

    Oct. 15, 2009) .................................................................................................................. 8, 10

*Young v. Spokane County*, No. 14-CV-98-RMP,

    2014 WL 2893260 (E.D. Wash. Jun. 25, 2014) .................................................................. 4

    **Statutes**

15 U.S.C. § 1125(a) ............................................................................................................. 1, 5

15 U.S.C. § 1127 ..................................................................................................................... 5

RCW 19.86.010 ....................................................................................................................... 1

RCW 19.86.020 ..................................................................................................................... 10

RCW 4.16.080(2) ..................................................................................................................... 7

    **Other Authorities**

King County Ordinance No. 17304 ............................................................................... 2, 10, 11

King County Ordinance No. 18961 ........................................................................................... 3

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - iv

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1

**Rules**

2   Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 4

3   **Constitutional Provisions**

4   U.S. Const. art. I, § 8, cl. 3 ......................................................................................5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant King County hereby moves to dismiss with prejudice Plaintiff Northwestern University's ("NU") Action for False Designation of Origin, Unfair Competition, and Common Law Trademark Infringement on the ground that King County's alleged misconduct as a matter of law does not occur in trade or commerce—a requisite element for each of the claims NU brings.  Additionally, dismissal of all claims with prejudice is warranted because King County is not subject to suit under the Washington Consumer Protection Act and NU's remaining claims are time-barred.

## I.       INTRODUCTION

The issues raised by this motion are not complicated.  NU has brought this Action against King County in an effort to "force King County" to change the name of its so-called "youth detention facility" from the "Children and Family Justice Center" (or "CFJC" for short, collectively, "the Marks") to "something else."  (Dkt. No. 1, at 1.)  As the vehicle to achieve that end, NU alleges that King County's use of the Marks in the manner described violates the Lanham Act (15 U.S.C. § 1125(a), Count I), the Washington State's Consumer Protection Act ("CPA") (RCW 19.86.010 *et seq.*, Count II), and the common law pertaining to trademark infringement and unfair competition (Count III).  NU is wrong.  King County does not use the Marks "in commerce," a requisite element for each Count.  Rather, it uses the Marks only in connection with the provision of uniquely municipal and non-commercial services, which as a matter of law cannot constitute commercial activity.  As such, the entirety of this Action warrants dismissal with prejudice.

Additionally, even if King County's use of the Marks could somehow be deemed "commercial" in nature, NU's Action still warrants dismissal with prejudice.  King County as a municipal corporation is not subject to suit under Washington's CPA, and NU's remaining claims are time-barred.  The former has been established unequivocally by the Washington State Supreme Court.  The latter is an unavoidable consequence of assuming the truth of all of NU's factual allegations.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## II.   FACTUAL BACKGROUND

In April 2012, the King County Council passed Ordinance No. 17304, which sent to the voters of King County on August 7, 2012, King County Proposition No. 1.  (King County Youth Center Levy Increase (August 2012) – Ballotpedia, https://bit.ly/2Fqo9yl (hereinafter "Prop. No. 1 Background").)  The proposition recognized the need to update the County's aging Youth Services Center ("YSC"), and it proposed a specific manner in which a new facility would be funded and built to replace the YSC.  (*See id*. (citing *The Seattle Medium*, "County Council Sends Proposed Levy Increase For Construction Of ***Children And Family Justice Center*** To August Ballot," April 18, 2012 (emphasis added)).)  King County Proposition No. 1 read in full as follows:

> The King County council passed Ordinance No. 17304 concerning a replacement facility for juvenile justice and family law services. This proposition would authorize King County to levy an additional property tax for nine years to fund capital costs to replace the Children and Family Justice Center, which serves the justice needs of children and families. It would authorize King County to levy an additional regular property tax of $0.07 per $1,000 of assessed valuation for collection in 2013. Increases in the following eight years would be subject to the limitations in chapter 84.55 RCW, all as provided in Ordinance No. 17304.

(Prop. No. 1 Background (citing King County Elections, King County Measure Information).)

Proposition No. 1 passed with over 55% of the vote.  (*Id.*)  Beginning in 2013, then, King County began collecting taxes to fund construction of its publicly announced "Children and Family Justice Center."  (*Id.*)  And by at least December 21, 2016, King County dedicated a webpage for updates and information pertaining to the facility and its construction, therein expressly referring to the facility by name as the Children and Family Justice Center.  (Children and Family Justice Center – King County, https://bit.ly/3iDvVmv (archived website last updated December 21, 2016).)

On December 22, 2016, the day following King County's webpage update regarding construction of the new CFJC facility, NU contacted King County to express its objection to the County's use of the Children and Family Justice Center name.  (Complaint, Dkt. No. 1

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

("Complaint") ¶ 29 and accompanying Exhibit 4.)  According to NU's own Complaint, NU's "second letter again asking that [King County] reconsider" its use of the Marks for "the new facility" did not occur until February 14, 2020.  (Complaint ¶ 34 and accompanying Exhibit 6.) By then, however, the King County Council had introduced and passed Ordinance No. 18961, which amended the name of the Children and Family Justice Center to officially become the Judge Patricia H. Clark Children and Family Justice Center.  (Complaint ¶ 30.; *see also* Ordinance No. 18961, Section 2 ("We do hereby honor King County Superior Court Judge Patricia H. Clark by naming the Children and Family Justice Center as the Judge Patricia H. Clark Children and Family Justice Center . . . .") enacted July 31, 2019, available at King County – File #: 2019-0210, https://bit.ly/2DTrHbR.)

On July 3, 2020, NU commenced this Action with the filing of its Complaint.  Therein, NU describes "Defendant's Infringing Activities" as comprising use of the "Children and Family Justice Center" and "CFJC" Marks in connection with "juvenile detention services, . . . detention alternatives, family services, and other social services for youth and their families." (Complaint ¶ 31.)  NU does not identify which of these services, if any, it believes constitute commercial services as opposed to municipal services funded entirely through tax revenue. (*See generally id.  See also id.*, Exhibit 7 (letter to NU's counsel explaining in part that King County's activities as alleged cannot constitute "use of any mark in commerce at all").  *Accord id.* Exhibit 5 ("The new facility will provide a respectful and supportive environment to link even more youth and families – court-involved or not – with services and non-profit organizations in their own communities.").)  It also does not explain or address why NU waited over three years to file suit against King County despite the known, open, and notorious use of the Marks on King County websites for years.  (*See generally id.  See also id.*, Exhibit 7 (letter to NU's counsel stating in relevant part, "Indeed, taking the allegations of [NU's] draft complaint as true, [NU] has been aware of King County's use of the terms 'Children and Family Justice Center' and 'CFJC' since at least December 2016."))

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### III.    ARGUMENT

#### A. Legal Standards

##### 1.   Rule 12(b)(6) Standard

"A defendant may move for dismissal when a plaintiff 'fails to state a claim upon which relief can be granted.'" *McClellon v. Citigroup Glob. Mkts., Inc.*, No. C18-0978-JCC, 2018 WL 5808440, at *2 (W.D. Wash. Nov. 6, 2018) (quoting Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citations omitted) (alteration in original). A plaintiff must therefore provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Id.* at 570. The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of culpable conduct. *Id.* at 556.

A "Court may dismiss a claim under Rule 12(b)(6) on the basis that it is barred by a statute of limitations, but only when 'the running of the statute is apparent on the face of the complaint.'" *Young v. Spokane County*, No. 14-CV-98-RMP, 2014 WL 2893260, at *2 (E.D. Wash. Jun. 25, 2014) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).) In Washington, courts apply the 3-year statute of limitations applicable to the common law tort of trade name infringement to false designation

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  of origin claims under the Lanham Act. *Eat Right Foods, Ltd. v. Whole Foods Mkt., Inc*., No.

2  C13-2174 RSM, 2018 WL 2387638, at *3 (W.D. Wash. May 25, 2018).

3          **2.  Standards Governing Claims for False Designation of Origin Under**
           **the Lanham Act and Common Law Trademark**

4          **Infringement/Unfair Competition**

5              **a.  Requisite Elements and "Use in Commerce"**

6          To adequately plead a claim for False Designation of Origin under the Lanham Act, a

7  plaintiff must plead that a defendant "(1) used in commerce (2) a false designation of origin (3)

8  which is likely to cause confusion as to the origin of the [product that the defendant] sell[s] and

9  (4) that such use has or is likely to damage plaintiffs." *Corker v. Costco Wholesale Corp.*, No.

10  C19-0290RSL, 2019 WL 5895430, at *3 (W.D. Wash. Nov. 12, 2019) (citing 15 U.S.C. §

11  1125(a)(1)(A).  The term "commerce" is expressly and broadly defined in the Lanham Act as

12  "all commerce which may lawfully be regulated by Congress."  15 U.S.C. § 1127.  In turn,

13  Courts have construed the reach of the Lanham Act to extend to the full scope of the Commerce

14  Clause of the United States Constitution.  *See Trader Joe's Co. v. Hallatt*, 835 F. 3d 960, 967

15  (9th Cir. 2016) (citing U.S. Const. art. I, § 8, cl. 3).  "Consistent with this structure," courts

16  have identified several "broad categories of activity that Congress may regulate under its

17  commerce power," but the scope is not without limits.  *U.S. v. Lopez*, 514 U.S. 549, 558 (1995).

18  "[T]he question of congressional power under the Commerce Clause 'is necessarily one of

19  degree.'"  *Id.* at 566 (quoting *N.L.R.B. v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 37 (1937));

20  *see also id.* at 567-68 (cautioning against the use of "inference upon inference in a manner that

21  would bid fair to convert congressional authority under the Commerce Clause to a general

22  police power of the sort retained by the States").

23          In the context of Federal Lanham Act jurisprudence, the Ninth Circuit has taken the

24  approach that "use in commerce" generally relates to acts "made to promote any competing

25  service or reap any commercial benefit whatsoever."  *Freecycle Network, Inc. v. Oey*, 505 F.3d

26  898, 903 (9th Cir. 2007) (citing 15 U.S.C. § 1127 and *Mattel, Inc. v. MCA Records, Inc.*, 296

27

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

F.3d 894, 903 (9th Cir. 2002) ("[Trademark law's 'use in commerce'] refers to a use of a famous and distinctive mark to sell goods [or services] other than those produced or authorized by the mark's owner.") (alterations in original)).   Relatedly, applicable state and common law trademark infringement/unfair competition law likewise requires a similar showing of use in commerce.  *Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co*., No. 2:18-CV-01032-TSZ, 2019 WL 1572675, at *7 (W.D. Wash. Apr. 11, 2019) (quoting *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010) ("The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition.").) *See also Headspace Int'l LLC v. Podworks Corp*., 428 P.3d 1260, 1263-64 (Wash. Ct. App. 2018) (explaining that Washington, in adopting the Model State Trademark Bill, relies "on federal court decisions interpreting federal trademark law" to inform interpretation of state law); *eAcceleration Corp. v. Trend Micro., Inc.*, 408 F.Supp.2d 1110, 1114 (W.D. Wash. 2006) (identifying Washington's reliance on trademark jurisprudence to evaluate "common law and statutory unfair competition claims" predicated on likelihood of confusion).

In contrast, the Washington Supreme Court has recognized that the operation and administration of a "'community-based correctional facility and program' [is] a '***uniquely government*** function,'" associated with "the administration of jails and prisons, which 'historically has been an ***exclusive state*** function." *Fortgang v. Woodland Park Zoo*, 387 P.3d 690, 699 n.8 (Wash. 2017) (emphasis added) (citing cases); *see also City of Seattle v. Monsanto Co.*, 237 F.Supp.3d 1096, 1104-1105 (W.D. Wash. 2017) (quoting *Russell v. City of Tacoma*, 35 P. 605 (1894) to distinguish between municipal actions done "for the public good, and not for private corporate advantage").

### b.  Applicable Time Limitations to File Suit

In addition to adequately pleading the requisite elements, a plaintiff bringing a claim in Washington for False Designation of Origin under the Lanham Act and a claim predicated on

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

common law trademark infringement must timely file its claim within the same time limitation period:

> The Lanham Act has no express statute of limitations. The Court therefore looks to the limitations of the closest analogous limitation from statue [*sic*] law. The closest analogous cause of action in state law is Washington's common law tort of trade name infringement. *See Jonathan Neil & Assocs., Inc. v. JNA Seattle, Inc.*, No. C06–1455JLR, 2007 WL 788354, at *6 (W.D. Wash. Mar.14, 2007). Such claims have a three year statute of limitations. RCW 4.16.080(2).

*Oldcaste Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. CIV. C10-322 MJP, 2011 WL 813759, at *4 (W.D. Wash. Mar. 2, 2011).

As such, Lanham Act claims and claims grounded in common law trademark infringement both must be filed within three years from the date the plaintiff knew or should have known about the existence of a potential cause of action. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002).

### 3. Standards Governing Claims Under Washington's CPA

To adequately plead a claim under Washington's CPA, a plaintiff must adequately allege "that the defendant engaged in '(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Univ. of Washington v. Gov't Employees Ins. Co.*, 404 P.3d 559, 567 (2017) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 532-33 (1986)). However, such a claim may not be brought against a municipal corporation or political subdivision of the state. *Washington Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish Cty.*, 459 P.2d 633, 635-36 (Wash. 1969) (*en banc*) ("RCW 19.86[] includes only 'natural persons, corporations, trusts, unincorporated associations and partnerships.' Nowhere does its language imply that municipal corporations or political subdivisions of the state are within the definition of persons and entities made subject to it.") Indeed, this Court has noted explicitly that "the Washington Supreme Court has clearly ruled that municipal corporations . . . are exempt from the WCPA." *Witham v. Clallam Cty. Pub. Hosp. Dist. 2*, No.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

C09-5410RJB, 2009 WL 3346041, at *7 (W.D. Wash. Oct. 15, 2009) (dismissing CPA claim against defendant and refusing to certify question for appeal because "[t]he Washington Supreme Court has ruled on the exemption of municipal corporations from the WCPA in clear and unambiguous terms").

> ### B. NU's Claims for False Designation of Origin Under the Lanham Act, for Unfair and Deceptive Practices under the Washington CPA, and for Common Law Trademark Infringement and Unfair Competition Warrant Dismissal with Prejudice

Each of the three counts set forth in NU's Complaint, all arising from King County's alleged use of the Marks "Children and Family Justice Center" and "CFJC" to reference the facility through which it will offer and provide uniquely municipal services, warrant dismissal with prejudice. But perhaps not for the most obvious reason. The most obvious reason might be NU's contravention of *Iqbal/Twombly* pleading standards, relying on a mere formulaic recitation of the elements for each claim, and failing to identify any specific fact that would tend to satisfy any element of its claims. (Complaint ¶¶ 39-55 (referring generically to King County's "conduct," "actions," and "acts" to plead elements of each claim).) Because that pleading deficiency is potentially cured by amendment, however, the Complaint's other shortcomings are more pertinent here. *See Lambert v. Huertas*, No. 319CV05980RJBJRC, 2020 WL 3618973, at *4 (W.D. Wash. May 28, 2020) ("Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.") (citations omitted), *report and recommendation adopted sub nom. Lambert v. Heurtas*, No. 19-5980 RJB-JRC, 2020 WL 3618980 (W.D. Wash. July 2, 2020).

Specifically, NU's Complaint sets forth at least three incurable deficiencies requiring dismissal of this Action with prejudice: (1) the Acts complained of do not occur in commerce as a matter of law, and such use is an essential element of each of NU's claims; (2) King County as a municipal corporation and political subdivision of the State of Washington is not subject to suit under the Washington CPA; and (3) NU's remaining claims are time-barred.

DEFENDANT KING COUNTY'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) (2:20-cv-01043-JCC-JRC) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### 1.  King County's Alleged Use of the Marks Is Not "in Commerce"

Notwithstanding NU's conclusory allegations to the contrary, NU does not and cannot plead sufficient facts to establish that King County uses the Marks, or even otherwise engages, in commerce.  *See Twombly*, 550 U.S. at 556 (plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the allegation).  Each of NU's claims is predicated on the allegation that King County is using the Marks in connection with "juvenile detention services" and its offers, intentions to offer, and/or intention "to house other organizations that offer various juvenile and juvenile-justice-related services, including detention alternatives, family services, and other social services for youth and their families." (Complaint ¶ 31.)  These services are not commercial in nature, and NU cannot point to any facts to suggest otherwise.

For example, NU alleges no facts to suggest that King County is offering these services to "reap any commercial benefit," or that it is using the Marks "to sell goods [or services]." *Freecycle Network, Inc.*, 505 F.3d at 903 (alteration in original).  That is because it cannot: the Complaint makes clear that these services are offered as part of a "community-based correctional facility and program," which the Washington Supreme Court has recognized to be a "uniquely government" and "exclusive state function."  *Fortgang*, 387 P.3d at 699 n.8; *see also* Complaint, Exhibit 5 thereto ("The Children and Family Justice Center will replace the outdated Youth Services Center with a flexible and therapeutic facility that provides modern youth and family court services as well as a trauma-informed juvenile detention center.").  As such, they are services not subject to federal regulation by way of the Commerce Clause.  *See Lopez*, 514 U.S. at 577 ("Were the Federal Government to take over the regulation of entire areas of traditional state concern, areas having nothing to do with the regulation of commercial activities, the boundaries between the spheres of federal and state authority would blur and political responsibility would become illusory.").  King County's use of the Marks to promote these services therefore cannot constitute "use in commerce" as a matter of law.  *See Trader Joe's Co.*, 835 F.3d at 967.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

As noted above, each of NU's claims for relief require that the alleged illicit conduct occur "in commerce."  NU's Complaint provides no facts to support this requisite element, and it cannot: evidence cited in NU's own Complaint makes clear that King County is using the Marks for purely municipal, non-commercial purposes.  Because NU's pleading defect cannot be cured by way of amendment, and because it extends to all Counts pleaded, this Action is properly dismissed in its entirety with prejudice.

### 2.  King County Is Not Subject to Suit Under the Washington CPA

The second incurable defect of NU's Complaint applies only to Count II, "Unfair and Deceptive Practices Act – RCW 19.86.020."  (Complaint at 8)  "The Washington Supreme Court has ruled on the exemption of municipal corporations from the WCPA in clear and unambiguous terms."  *Witham*, 2009 WL 3346041, at *7.  King County is a municipal corporation.  *King Cty. v. Tax Comm'n*, 387 P. 2d 756, 759 (Wash. 1963) (*en banc*) (citing *State ex rel. Summerfield v. Tyler*, 45 P. 31, 33 (Wash. 1896), *Lincoln Cty. v. Brock*, 79 P. 477, 478 (Wash. 1905), and *State ex rel. Eastvold v. Yelle*, 279 P.2d 645, 649 (Wash. 1955) (*en banc*) to note, "We have held in at least two cases that a county is a municipal corporation, or at least a quasimunicipal corporation.")  NU's claim against King County under the Washington CPA is therefore properly dismissed with prejudice.

### C.  NU's Lanham Act and Common Law Trademark Infringement Claims Are Untimely

The third incurable defect of NU's Complaint applies only to Counts I and III, False Designation of Origin under the Lanham Act and Common Law Trademark and Unfair Competition.  (Complaint at 7-9.)  According to NU's own factual allegations, those Counts are time-barred.

As noted above, King County in *2012* adopted and began using the name "Children and Family Justice Center" for the facility that would replace the deteriorating Youth Service Center.  At that time, it was explicitly referenced as part of King County Ordinance No. 17304 in April, and thereafter it was presented to King County voters as part King County Proposition

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

No. 1 of the August 2012 ballot.  (Prop. No. 1 Background.)  According to the Complaint, however, NU would not learn of King County's adoption and use of the Mark until nearly four years later, in "late 2016" (although NU is careful to plead that it learned only of King County's *contemplated* use of the Mark at that time).  (Complaint ¶ 29 (stating that NU "learned that King County was contemplating naming the New Facility 'the Children and Family Justice Center'" in "late 2016" but failing to specify how NU acquired that knowledge). But *see id.* Exhibit 4 (letter from NU to King County dated December 22, 2016 (stating NU's objection "to the use" of the "Children and Family Justice Center" name)); *accord* Children and Family Justice Center – King County, https://bit.ly/3iDvVmv (archived website last updated December 21, 2016) (providing online information regarding King County's explicitly named Children and Family Justice Center)).  Regardless of whether NU *knew* of King County's actual use of the Mark by "late 2016," the Complaint makes clear that NU at least *should have known* as much by then.

For instance, NU may not admit to knowledge of King County's actual adoption and use of the name "Children and Family Justice Center" by "late 2016," but it does admit to learning that King County "was contemplating" such use at that time.  (Complaint ¶ 29.)  A simple online search of King County's website at that same time would have readily revealed that King County was not contemplating use of the Mark by December 2016, but instead was in fact already using the Mark by then.  (Children and Family Justice Center – King County, https://bit.ly/3iDvVmv (archived website last updated December 21, 2016.))  Additional online searching at that time would have also revealed that King County, by late 2016, had been using the Mark *for years*. Further, assuming the veracity of the extensive community involvement NU alleges to maintain in King County and in Washington State through its "CFJC Services" (Complaint ¶¶ 14-20), NU certainly should have learned at some point in the five-year period between April 2012 (the date of King County Ordinance No. 17304) and July 3, 2017 (three years before the date NU commenced this Action) that King County had already begun use—

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  and was not merely contemplating use—of the Mark "Children and Family Justice Center" for

2  its new youth and family facilities.

3       Given the foregoing, NU knew or at least should have known of King County's use of

4  the "Children and Family Justice Center" Mark by December 2016.  Likewise, NU should have

5  known of King County's use of the "CFJC" Mark at that same time.  Indeed, NU's own

6  Complaint treats the Marks interchangeably.  (*Id.*, at 1 (referencing the name of King County's

7  facility as "'Children and Family Justice Center' or the 'CFJC'").)  As such, it stands to reason

8  that King County's use of the full "Children and Family Justice Center" Mark would lend itself

9  to the concomitant use of the shorthand of that same Mark, "CFJC."

10       Governing law is clear that NU had the obligation to bring Counts I and III of this Action

11  within three years of the date it first knew or should have known of the existence of those

12  claims.  *See Oldcaste Precast, Inc.*, 2011 WL 813759, at *4 (identifying applicable statute of

13  limitations provision); *see also Jarrow Formulas, Inc.*, 304 F.3d at 838 (holding that the time

14  to bring a Lanham Act action begins from the date plaintiff knew or should have known about

15  the existence of the action).  According to NU's own Complaint, it should have known (if it did

16  not already know) of the existence of those claims by no later than December 2016.  Because

17  NU waited well over three years to bring those claims now, they are properly dismissed from

18  this Action with prejudice.

19      **IV.**    **CONCLUSION**

20       For the foregoing reasons, King County respectfully requests that the Court dismiss with

21  prejudice NU's claims for False Designation of Origin, Unfair Competition, and Common Law

22  Trademark Infringement.

23

24

25

26

27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1   Dated this 20th day of August, 2020.

2

3   CHRISTENSEN O'CONNOR
    JOHNSON KINDNESS<sup>PLLC</sup>

4

5

6   s/John D. Denkenberger

7   John D. Denkenberger, WSBA No. 25,907
    Brian F. McMahon, WSBA No. 45,739

8   1201 Third Avenue, Suite 3600
    Seattle, WA  98101-3029

9   Telephone:  206.682.8100
    Fax:  206.224.0779

10  E-mail:  john.denkenberger@cojk.com,
    brian.mcmahon@cojk.com, litdoc@cojk.com

11

12  *Special Deputy Prosecuting Attorneys for King
    County*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT KING COUNTY'S MOTION TO
DISMISS PURSUANT TO FRCP 12(b)(6)
(2:20-cv-01043-JCC-JRC) - 13

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, August 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William C. Rava
PERKINS COIE (SEA)
Email: WRava@perkinscoie.com,
JSlavik@perkinscoie.com,
docketsea@perkinscoie.com

Alison Caditz
PERKINS COIE (SEA)
Email: ACaditz@perkinscoie.com

Attorneys for Northwestern University

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
Brian F. McMahon, WSBA No. 45,739
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Special Deputy Prosecuting Attorneys for King County*

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100