Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWESTERN UNIVERSITY, an Illinois not-for-profit corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>KING COUNTY,<br><br>                Defendant. | No. 2:20-cv-01043-JLR-JRC<br><br>KING COUNTY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>**NOTE ON MOTION CALENDAR:**<br>**NOVEMBER 24, 2020** |

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC)

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Pursuant to this Court's Order, Dkt. No. 26, issued on November 16, 2020, Defendant King County hereby submits this Supplemental Brief to address the two issues identified by the Court: (1) "Whether defendant's alleged services are 'uniquely municipal and non-commercial services' under the Lanham Act, where the alleged services are 'in addition to juvenile detention services,' including 'housing other organizations that offer' related services" ("ISSUE No. 1"); and (2) "Whether defendant's alleged use of the contested marks ('Children and Family Justice Center' and 'CFJC') in connection with the services offered constitutes 'use in commerce' where the services offered are 'in addition to juvenile detention services'" ("ISSUE No. 2"). (Dkt No. 26, at 1-2 (citations omitted).)

**ISSUE No. 1:**

To determine whether King County's alleged services are "uniquely municipal and non-commercial services under the Lanham Act," the inquiry necessarily begins with identifying with specificity the full scope of the "alleged services" Plaintiff Northwestern University ("NU") has put in issue. To that end, NU's Complaint makes clear that "Defendant Services" include only King County's provision of "juvenile and juvenile-justice-related services" and King County's "hous[ing of] other organizations that offer various juvenile and juvenile-justice-related services, including detention alternatives, family services, and other social services for youth and their families." (Complaint, Dkt. No. 1 ("Complaint"), ¶ 31 (defining "Defendant Services").) According to NU's own definition of the term, then, the King County services placed at issue by the Complaint is limited to the direct or indirect provision of *juvenile and juvenile-justice-related services*. (*Id.*; *see also* NU's Opposition to Motion to Dismiss, Dkt. No. 21 ("Opposition") at 6 (citing Complaint ¶ 31).) Under even the most liberal reading of NU's Complaint, such services are uniquely municipal and non-commercial services under Washington law.

As noted in King County's Opening Brief, NU's "Complaint makes clear that these services are offered [by King County] as part of a 'community-based correctional facility and program.'" (Motion, Dkt. No. 14, at 9 (quoting *Fortgang v. Woodland Park Zoo*, 387 P.3d 690,

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

699 n.8 (Wash. 2017)).) NU does not dispute this point. (*See generally* Opposition.) As further noted in King County's Opening Brief, "the Washington Supreme Court has recognized [these types of services as] a 'uniquely government' and 'exclusive state function.'" (Motion, Dkt. No. 14, at 9 (quoting *Fortgang*, 387 P.3d at 699 n.8).) And tellingly, NU has not disputed the applicability of the Washington Supreme Court's holding to the issue now before the Court. (*See generally* Opposition; *see also* Reply Brief in Support of Motion to Dismiss, Dkt. No. 22 ("Reply Brief") at 3.) Any attempt for NU to do so now would be procedurally improper. (*See Madera W. Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12-0857-JCC, 2013 WL 4015649, at *4 (W.D. Wash. Aug. 6, 2013) ("Failure to respond to an argument made by the opposing party waives the right to do so.").)

Moreover, even if NU were permitted to belatedly dispute these issues now, doing so would be futile. (*See Fortgang*, 387 P.3d at 698-700 (citing cases to identify "'core' government functions" to include community-based correctional facilities and programs within those functions); *see also U.S. v. Lopez*, 514 U.S. 549, 564 (1995) (identifying "criminal law enforcement," "family law," and "education" as areas where "States historically have been sovereign" and where limits to the Commerce Clause may be found).) The juvenile and juvenile-justice-related services complained of by NU fall precisely within the very categories of historical state sovereignty identified by the Supreme Court.

To the extent that NU hopes to survive dismissal by focusing on the fact that its Complaint contemplates not just King County's direct provision of such governmental services, but also on King County's "housing [of] other organizations that offer [related services]," that argument is likewise unavailing. Washington law is clear that private entities may be enlisted to provide governmental functions that subject them to the same scrutiny as municipal entities themselves. (*See, e.g.*, *Champagne v. Spokane Human Soc'y*, 737 P.2d 1279, 1282 (Wash.App. 1987), *review denied*, 108 Wash. 2d 1035 (1987) (humane society contracting with city of Spokane deemed to be acting as a public entity for the purpose of the public duty doctrine); *Clarke v. Tri-Cities Animal Care & Control Shelter*, 181 P.3d 881, 885 (Wash.App. 2008)

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  (citing *Brunette v. Humane Soc'y*, 294 F.3d 1205, 1208 (9th Cir. 2002)) (to note 9th Circuit law
2  recognizing humane society created by statute was a state actor for purposes of 42 U.S.C. §
3  1983 litigation).)  As such, King County's direct and indirect provision of the "juvenile and
4  juvenile-justice-related services" complained of in NU's Complaint are uniquely municipal and
5  non-commercial services under Washington law.

6  **ISSUE No. 2:**

7  As for whether King County's use of the marks constitute "use in commerce" where the
8  services offered are "in addition to juvenile detention services," NU's pleading establishes that
9  such services cannot be "use in commerce" as a matter of law.  Again, NU is unequivocal in its
10 pleading that any services offered by King County "[i]n addition to juvenile detention services"
11 include only "juvenile and juvenile-justice-related services." (Complaint ¶ 31; Opposition at 7
12 (citing same).)  As noted above, these services have been identified by the Washington Supreme
13 Court as a "uniquely government" function, but more importantly for purposes of this issue as
14 an "exclusive state function." (*Supra* pp. 1-2 (citing *Fortgang*, 387 P.3d at 699 n.8).)  Because
15 these services constitute an "exclusive state function," such services do not automatically fall
16 within purview of federal regulation under the Commerce Clause as NU would have the Court
17 believe. (*See, e.g.*, *Lopez*, 514 U.S. at 564).  Indeed, these are precisely the types of services
18 that must be carefully assessed before subjecting them to the Commerce Clause; to hold
19 otherwise would eviscerate any limit on the Commerce Clause. (*See id*; *see also Garcia v. San
20 Antonio Metro. Transit Auth.*, 469 U.S. 528, 547-48 (1985) (discussing "the limits on Congress'
21 authority to regulate the States under the Commerce Clause").)

22 In this instance, NU's Complaint has made the assessment much more straightforward.
23 *Garcia* unequivocally states that limits on Congress' authority under the Commerce Clause is
24 best assessed through the application of procedural safeguards. (*Id.* at 551-52.)  Here, the
25 procedural safeguards protecting Washington and King County's interests are pleading
26 requirements.  And as already noted in prior papers, NU cannot meet the requisite pleading
27 requirements to establish that King County's activities are sufficiently commercial to constitute

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

"use in commerce": "NU alleges no facts to suggest that King County is offering [its] services to 'reap any commercial benefit,' or that it is using the Marks 'to sell goods [or services].'" (Motion, Dkt. No. 14, at 9 (quoting *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 903 (9th Cir. 2007)); *see also id.* at 5-6 (citing cases to establish that "use in commerce" relates to acts related to offering competing services or reaping commercial benefit).) Further, NU does not dispute the absence of these alleged facts. (*See* Opposition at 7 (mistakenly arguing instead that its conclusory allegations are sufficient).)

Without any factual allegations to support the contention that King County is using marks "in commerce" to promote its uniquely government and exclusive state services related to its community-based correctional program, NU's Complaint must be dismissed. To hold otherwise establishes dangerous precedent by eliminating the procedural safeguards currently in place—in this case, pleading requirements—to protect exclusive state interests from federal legislation. Further, requiring NU in its Complaint to identify King County's specific commercial interests with particularity to avoid dismissal is already consistent with existing Ninth Circuit precedent. (*See* Motion, Dkt. No. 14, at 4-6 (citing precedent).) And because NU cannot cure its pleading deficiencies by way of amendment (*id.* at 8-9), dismissal of this Action with prejudice is appropriate.

Dated this 22nd day of November, 2020.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
Brian F. McMahon, WSBA No. 45,739
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Special Deputy Prosecuting Attorneys for King County*

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on Sunday, November 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William C. Rava
PERKINS COIE (SEA)
Email: WRava@perkinscoie.com,
JSlavik@perkinscoie.com,
docketsea@perkinscoie.com

Alison Caditz
PERKINS COIE (SEA)
Email: ACaditz@perkinscoie.com

Attorneys for Northwestern University

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
Brian F. McMahon, WSBA No. 45,739
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Special Deputy Prosecuting Attorneys for King County*

DEFENDANT'S SUPPLEMENTAL BRIEF RE:
MOTION TO DISMISS
(2:20-cv-01043-JLR-JRC) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100